■ AFC Color Lab, Etc. v. Gerard Damiano Film Productions, Inc.— Motion to direct release of lien denied. Order filed. Concur — Stevens, P. J., Markewich, Kupferman, Murphy and Tilzer, JJ.

## (August 27, 1973)

■ In the Matter of Raymond B.— Motion (1) for leave to appeal from two orders, Family Court, of the State of New York, Bronx County, entered on August 3 and August 7, 1973, denying dismissal of the petition for insufficiency and for failure to establish reasonable cause, and (2) for a stay of proceedings and parole of the respondent, denied. The interim relief affixed to the notice of motion is vacated and respondent is remanded to the custody of the Family Court, Bronx County. Although the evidence developed at the hearing of August 7, 1973, leaves much to be desired, it suffices — but barely — to hold respondent until September 20, 1973. On that date a fact-finding proceeding will be held. People ex rel. Guggenheim v. Mucci (32 N Y 2d 307) authorizes the use of hearsay evidence in establishing probable cause to hold the juvenile pending fact-finding. Here, the uncontested fact that a murder occurred supplements the hearsay. The procedure mandated by sections 747 and 748 of the Family Court Act has been observed; the evidence below complied with the guidelines, established by Administrative Judge Florence Kelly, that Judge Breitel cited approvingly in People ex rel. Guggenheim v. Mucci (supra). In view of the foregoing, and mindful of the nature of the offense and respondent's involvement — albeit not in the actual stabbing — the parole application is denied. And, leave to appeal is withheld because, in the event of an adverse final disposition, the court can then exercise its review powers. Concur — Stevens, P. J., Nunez, Lane, Steuer and Capozzoli, JJ.

## Second Department, August, 1973

## (August 6, 1973)

■ Julio J. Anselmo et al., Respondents-Appellants, v. Bush Universal, Inc., Appellant-Respondent.— In an action to recover damages for alleged breach of a collective bargaining agreement, the parties cross-appeal from an order of the Supreme Court, Kings County, dated November 14, 1972, which denied cross motions by both sides for summary judgment. Order affirmed, without costs. At the trial, one of the issues to be resolved is the standing of plaintiffs to maintain this action. In view of the complicated issues in this case, we deem it inappropriate to determine the case on papers. Munder, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.